✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱

# EXHIBIT A TO NOTICE OF REMOVAL

✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱

THE PISANCHYN LAW FIRM
Thomas J. Carroll Jr, Esquire
I.D.# 207130
524 Spruce Street
Scranton, PA 18503
(570) 344-1234                                    *Attorneys for Plaintiff*

---

| | | |
|---|---|---|
| John Joe Doe C.D. | : | COURT OF COMMON PLEAS OF |
|     Plaintiff, | : | LACKAWANNA COUNTY |
| | : | |
| v. | : | |
| | : | No.: **19-cv-3029** |
| | : | |
| | : | |
| Career Technology Center | : | CIVIL ACTION |
| Of Lackawanna County and | : | |
| Scranton School District | : | **JURY TRIAL DEMANDED** |
| | : | |
|     Defendants. | : | |

---

## NOTICE

YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lackawanna County Bar Association
233 Penn Ave
Scranton, PA 18503
(570) 969-9161

## NOTICIA

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene viente (20) dias de plazo al partir de la facha de la demanda y la notificacion. Usted debe presentar una apariencia escrita o en Persona o por abogado y archivar en la corte en forma escrita sus defensas o sus objectiones a las demandas encontra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede entrar una orden contra usted sin previo aviso o notificacion y por cualquier queja o alivio que es pedido en la peticion de demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABODAGO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Lackawanna County Bar Association
233 Penn Ave
Scranton, PA 18503
(570) 969-9161

## COMPLAINT

Plaintiff, C.D., by and through his undersigned counsel, the Pisanchyn Law Firm,

hereby complains of the above-named Defendants (collectively, "Defendants") as follows:

1.      Plaintiff C.D. (hereinafter "Plaintiff C.D."), was at the time of the events complained

of herein a minor individual but is now an adult, competent individual and was so at the time of

initiating this action. Plaintiff C.D. may be contacted through their counsel, the Pisanchyn Law

Firm.

2.      Plaintiff's name and address are not contained within this Complaint so as to protect

the privacy and identity of Plaintiff C.D. who incurred injuries and damages while a minor, as set

forth hereinafter.

3.      The use of pseudonyms throughout this Complaint is done in good faith in order to

avoid humiliation, embarrassment, additional psychological harm, and disruption or interference

with Plaintiff C.D. Plaintiff C.D. 's identity has already been made known privately to

Defendants through their counsel.

4.      Plaintiff C.D. was a minor student enrolled at both Defendant, Career Technology

Center of Lackawanna County and Defendant Scranton School District during the 2016-2017

school year.

5.      Defendant, Career Technology Center of Lackawanna County (hereinafter "CTC"),

is, upon information and belief, a consortium of school districts in Northeastern Pennsylvania

duly organized, established and existing under the laws of the Commonwealth of Pennsylvania to

provide instruction to students in different career areas; receives federal assistance either

individually or through the aforementioned consortium of school districts; and maintains

administrative offices at 3201 Rockwell Avenue, Scranton, Lackawanna County, Pennsylvania

18508.

6.      Defendant, Scranton School District (hereinafter "Scranton School District") is a

school district duly organized, established and existing under the laws of the Commonwealth of

Pennsylvania; receives federal assistance; and maintains administrative offices at 425 North

Washington Avenue, Scranton, Lackawanna County, Pennsylvania 18503. Scranton School

District acts as a "sending school district" wherein its students are permitted to take instructional

classes at CTC.

7.      Upon information and belief, a Joint Operating Committee comprised of

representatives from each "sending school district" adopts policies and procedures intended to

establish the general and overall rules within which the daily operations of CTC are to be

governed. These policies and procedures, include, but are not limited to: teacher conduct; hiring,

disciplining and firing teachers; prevention of student abuse and/or sexual harassment; reporting

of student abuse and/or sexual harassment; and remedying and/or correcting student abuse and/or

sexual harassment. The Joint Operating Committee includes school board members from

Carbondale School District, Dunmore School District, Forest City School District, Lakeland

School District, Mid Valley School District, North Pocono School District, Scranton School

District and Valley View School District.

8.      At all times relevant hereto, Richard Humphrey was employed by

Defendant CTC and Defendant Scranton School District, as an Automotive Technology teacher

at CTC at the time of the events outlined in this Complaint. At all times material and relevant

hereto, Richard Humphrey was authorized by CTC and Scranton School District, both

in its capacity as a sending school district and as an active member/participant of the Joint

Operating Committee, to perform the duties and functions of an Automotive Technology teacher

and, in fact, acted within the scope of said duties and responsibilities at the time of the events

outlined herein below.

9.      At all times relevant hereto, CTC acted by and through its agents, ostensible agents, employees, servants and officers, to wit, employees, joint operating committee members, supervisors, administrators and principals, during the relevant time period, from the beginning of Richard Humphrey's employment with CTC in July 2015 through the completion of the 2016-2017 school year at CTC in June 2017 when Richard Humphrey resigned his employment.

10.      At all times relevant hereto, Scranton School District acted by and through its agents, ostensible agents, employees, servants and officers, to wit, employees, board members, supervisors, administrators, teachers, officers and joint operating committee members during the relevant time period, from the beginning of Richard Humphrey's employment with CTC in July 2015 through the completion of the 2016~2017 school year at CTC in June 2017 when Richard Humphrey was forced to resign his employment as a result of the events described below.

## FACTUAL BACKGROUND

11.      At all times relevant hereto, Defendant CTC, with the approval of Defendant Scranton School District hired, employed and supervised Richard Humphrey, who had been appointed to the position of Automotive Technology Instructor/teacher in July 2015.

12.      At all times relevant hereto in 2016-2017, Richard Humphrey was acting within the course and scope of his employment and/or agency with Defendant CTC and Defendant Scranton School District in his capacity as an Automotive Technology Instructor/teacher.

13.      During the 2016-2017 school year, Plaintiff C.D., a student in the Scranton School

District, was enrolled in the Automotive Technology program at CTC taught by Richard Humphrey.

14.     At all times relevant hereto, Defendant CTC was implementing and executing its policies, procedures and customs in regard to the events set forth in this Complaint such that the same resulted in the deprivation of Plaintiff C.D.'s constitutional, statutory and/or common law rights.

15.     At all times relevant hereto, Defendant Scranton School District, by and through its agents, employees, servants and officers, was implementing and executing its policies, procedures and customs in regard to the events set forth in this Complaint such that the same resulted in the deprivation of Plaintiff C.D.'s constitutional, statutory and common law rights.

16.     At all times relevant hereto, Defendant CTC and Defendant Scranton School District were each responsible to ensure that all of their respective agents, employees, servants and officers were properly trained and supervised in the course of their employment/agency relationship with CTC and/or the Scranton School District.

17.     At all times relevant hereto, Defendant CTC and Defendant Scranton School District acted under color of state law.

18.     Plaintiff C.D. was enrolled as a student at CTC and Scranton School District during the 2016-2017 school year.

19.     At all times relevant hereto, Plaintiff C.D. was a minor and a member of a protected class under the law.

20.     During the 2016-2017 school year, Richard Humphrey, as the instructor of the Automotive Technology class, began making unwanted sexual advances towards several minor male students in the class, including Plaintiff C.D., including but not limited to rubbing their backs and shoulders; putting his arms around them; acting in a creepy and weird fashion; groping, caressing and/or slapping their genital areas; following a male student

into the bathroom and offering to "dab" the student's penis after he urinated; and speaking to them in a completely inappropriate, vulgar and sexually suggestive manner.

21.     This inappropriate conduct by Richard Humphrey was an open secret among the students in the Automotive Technology class, among the students in the other classes at Defendant CTC and among the staff and/or administrators of Defendant CTC during Richard Humphrey's tenure in the Automotive Technology class.

22.     Many of the aforementioned instances of inappropriate sexual advances, abuses and/or student molestation by Richard Humphrey occurred right in the classroom with at least one other adult teacher/teacher's aide present in the classroom, including Joseph Granteed, Cheryl Shihinski, Robert Hudak, and/or Louis Morgantini.

23.     Early in the Springtime around March 2017, Louis Morgantini, another teacher in the Automotive Technology class and an employee of Defendant CTC and/or Defendant Scranton School District, approached some of the minor students including minor student C.D. in the class and expressed that he had noticed that Richard Humphrey was acting inappropriately with the minors and that he would "keep an eye on him." Mr. Morgantini further expressed that he would have to do something and speak with others if the behavior continued which, unfortunately, it did.

24.     Upon information and belief, as a mandatory reporter under Pennsylvania law (23 Pa. C.S.A. 6311), Mr. Morgantini had an affirmative and non-delegable duty to report the behavior of Richard Humphrey and disclose what he had witnessed and/or learned from the students to the proper authorities including, but not limited to the administrators of Defendant CTC, ChildLine and/or the administrators of Defendant Scranton School District. The administrators of Defendant CTC and/or Defendant Scranton School District would in turn also have a duty to disclose the report of child abuse to ChildLine and facilitate the cooperation of Defendant CTC and Defendant Scranton School District with the investigation of the report of

child abuse.

25.     Upon information and belief, Mr. Morgantini, in accordance with his mandatory reporting duty under 23 Pa. C.S.A. §6311, did report the behavior of Richard Humphrey to the administrators of Defendant CTC and/or Defendant Scranton School District, but no action was taken by the administrators of Defendant CTC and/or Defendant Scranton School District and said Defendants CTC and Scranton School District clearly failed in their respective duties to disclose the multiple reports of child abuse by Richard Humphrey to ChildLine and/or facilitate the cooperation of Defendants CTC and Scranton School District CTC and Defendant Scranton school District with the investigation into these reports of Humphrey's abuse. Alternatively, if Mr. Morgantini did not report this behavior to the administrators of Defendant CTC, ChildLine and/or the administrators of Defendant Scranton School District, then it is a direct and foreseeable consequence of Defendant CTC and/or Defendant Scranton School District's failure to implement and/or enforce adequate policies and procedures regarding mandatory reporting obligations and/or train school employees on how to maintain/protect/preserve minor students to prevent sexual misconduct, sexual abuse and/or sexual harassment and/or comply with their mandatory reporting obligations.

26.     On another occasion around March 2017, as the inappropriate behavior continued, other minor students in the class had a conversation with Mr. Morgantini wherein minor student J.R. indicated that Richard Humphrey had made contact with his genital area by "ball-tapping" him and had followed another student into the bathroom and tried to grope him. Mr. Morgantini responded by stating that such conduct by Richard Humphrey "was not right."

27.     Upon information and belief, as a mandatory reporter under Pennsylvania law (23 Pa. C.S.A. §6311 ), Mr. Morgantini had an affirmative and non-delegable duty to report the behavior of Richard Humphrey and disclose what he had witnessed and/or learned from the

students to the proper authorities including, but not limited to the administrators of Defendant

CTC, ChildLine and/or the administrators of Defendant Scranton School District. The

administrators of Defendant CTC and/or Defendant Scranton School District would in turn also

have a duty to disclose the report of child abuse to ChildLine and facilitate the cooperation of

Defendant CTC and Defendant Scranton School District with the investigation of the report of

child abuse.

28.     Upon information and belief, Mr. Morgantini, in accordance with his mandatory

reporting duty under 23 Pa. C.S.A. 6311, did report the behavior of Richard

Humphrey to the administrators of Defendant CTC and/or Defendant Scranton School District,

but no action was taken by the administrators of Defendant CTC and/or Defendant Scranton

School District and Defendants CTC and Scranton School District clearly failed in their

respective duties to disclose the multiple reports of child abuse by Humphrey to ChildLine

and/or facilitate the cooperation of Defendants CTC and Scranton School District CTC and

Defendant Scranton School District with the investigation into these reports of Humphrey's

abuse. Alternatively, if Mr. Morgantini did not report this behavior to the administrators of

Defendant CTC, ChildLine and/or the administrators of Defendant Scranton School District, then

it is a direct and foreseeable consequence of Defendant CTC and/or Defendant Scranton School

District's failure to implement and/or enforce adequate policies and procedures regarding

mandatory reporting obligations and/or train school employees on how to

maintain/protect/preserve minor students to prevent sexual misconduct, sexual abuse and/or

sexual harassment and/or comply with their mandatory reporting obligations.

29.     On another occasion during the 2017 Spring semester, as the inappropriate behavior

continued, a group of students had another discussion with Mr. Morgantini wherein minor

student J.K. and another student specifically told Mr. Morgantini that he was rubbing J.K. 's

shoulders and making him feel uncomfortable and asked "what's up with Mr.. Humphrey?" Mr.

Morgantini responded by telling the students not to worry about Mr. Humphrey and just ignore him because "you know the way he is."

30.     Upon information and belief, as a mandatory reporter under Pennsylvania law (23 Pa. C.S.A. 6311), Mr. Morgantini had an affirmative and non-delegable duty to report the behavior of Richard Humphrey and disclose what he had witnessed and/or learned from the students to the proper authorities including, but not limited to the administrators of Defendant CTC, ChildLine and/or the administrators of Defendant Scranton School District. The administrators of Defendant CTC and/or Defendant Scranton School District would in turn also have a duty to disclose the report of child abuse to ChildLine and facilitate the cooperation of Defendant CTC and Defendant Scranton School District with the investigation of the report of child abuse.

31.     Upon information and belief, the behavior and conduct of Richard Humphrey was open, widespread and known by students, staff and administrators of Defendant CTC.

32.     Upon information and belief, further discovery may likely reveal that Richard Humphrey's conduct was also open, widespread and known by staff and administrators of Defendant Scranton School District, including board members, principals and/or superintendents.

33.     Richard Humphrey would also offer students "special privileges" so that they could come into his classroom shop early and stay late and/or work on their own personal projects, and then exploit the opportunities he self-created through granting these so-called "special privileges" so that he could continue to carry out his, sick twisted and perverted proclivities through further acts of molestation and sexual abuse of male students.

34.     Upon information and belief, Defendant CTC, its agents, employees, servants and officers knew that Richard Humphrey regularly and inappropriately offered his minor

students "special privileges" and allowed the same to continue unabated and unsupervised.

35.     Richard Humphrey repeatedly told his minor students, including Plaintiff C.D., in an intimidating and threatening manner that he controlled their grades and held their careers in his hands and retained all contacts with their prospective employers.

36.     Upon information and belief, other minor students did report to teachers and individuals in authority positions the sexual abuse and harassment being perpetrated on them, including Plaintiff C.D., by Richard Humphrey. Moreover, many of Richard Humphrey's abuses and inappropriate behavior occurred in an open classroom with other adults, including Joseph Granteed, Cheryl Shihinski, Robert Hudak and/or Louis Morgantini, present.

37.     In the meantime, being subjected to these untoward, unwanted and completely inappropriate instances of sexual advances and molestation by Richard Humphrey had a profound detrimental and negative impact on Plaintiff in the CTC classroom throughout the 2016-2017 school year, including constantly looking over his shoulder as to what Humphrey was doing and worrying about whether he or his classmates might be subjected to further abuses by Humphrey.

38.     On May 13, 2017, a ChildLine report was initiated regarding Richard Humphrey's behavior in the Automotive Technology class and an investigation commenced by Detective Jeffrey Gilroy of the Scranton Police Department.

39.     The investigation resulted in numerous allegations of instances of sexual misconduct, sexual abuse and/or sexual harassment committed by Richard Humphrey involving multiple minor students in the Automotive Technology class.

40.     On May 15, 2017, upon information and belief Richard Humphrey was suspended with pay by Defendant CTC and/or Scranton School District. He was subsequently forced to resign as a result of the events described herein.

41.     On May 31, 2017, Richard Humphrey was arrested and charged with

fifteen (15) criminal counts, including corruption of minors, institutional sexual assault, and indecent assault, related to his sexual misconduct, sexual abuse and/or sexual harassment of numerous minor students, including Plaintiff C.D., in the Automotive Technology class. Subsequently, on January 25, 2018, he pled guilty to eleven (11) counts of indecent assault and one count of corruption of Minors.

42.     On July 24, 2018, a member of the Pennsylvania Sexual Offenders Assessment Board testified at sentencing that Richard Humphrey met multiple criteria as a sexually violent predator. Based upon that testimony and supporting evidence, the Honorable Vito Geroulo of the Lackawanna County Court of Common Pleas formally adjudicated Richard Humphrey a Sexually Violent Predator in accordance with Pennsylvania law. Thereafter, Richard Humphrey was sentenced to a term of imprisonment for his crimes. As a Sexually Violent Predator, Richard Humphrey is a lifetime registrant under the Adam Walsh Act.

43.     At the time of Richard Humphrey's arrest on May 31, 2017, Defendant CTC, by and through its solicitor, issued the following statement:

> The school community of the CTC of Lackawanna County is deeply saddened to learn of allegations that represent an egregious breach of trust committed by a member of our CTC Family. We have been cooperating fully with all authorities during the investigation of these allegations and immediately implemented steps to ensure student safety when the reports were brought to our attention. The faculty member involved was immediately suspended and will remain so until further notice. Students impacted me being offered counseling in collaboration with the Children's Advocacy Center and the Lackawanna County Office of Youth and Family Services.

44.     Despite the aforementioned statement, Plaintiff C.D., along with other multiple students in the Automotive Technology class, were never afforded the proper support in the wake or this sexual abuse scandal in the form of adequate health, psychological, counseling and academic assistance and services to help remedy the harm he suffered due to discrimination and

harassment, including sexual abuse and harassment by Defendant CTC.

45.    Plaintiff C.D. was also never afforded the proper support in the wake of this sexual abuse scandal in the form of adequate health, psychological, counseling and academic assistance and services to help remedy the harm he suffered due to discrimination and harassment, including sexual abuse and harassment by Defendant Scranton School District.

46.    Instead of providing appropriate support for the abuse the minor students suffered, including Plaintiff C.D., Defendant CTC, by and through its employee Robert Hudak, an instructional aide or paraprofessional in the Automotive Technology class, addressed the class in the days after Richard Humphrey's arrest and accused the minor students, including Plaintiff C.D., of being liars and attempting to ruin Richard Humphrey's reputation and life, stating that he hopes that they all "get what they have coming to them." According to the deposition testimony of Thomas Bailey, Hudak admitted to saying these things, and he was suspended and later retired because of this. Bailey further indicated that police were threatening to file charges against Hudak for witness intimidation.

47.    Instead of providing appropriate support for the abuse the minor students suffered, including Plaintiff C.D., Defendant CTC focused on protecting CTC from scandal and protecting the morale of the staff at Defendant CTC rather than the minor students who suffered at the hands of the sexual misconduct, sexual abuse and/or sexual harassment by Richard Humphrey. Such focus is evident in a June 2, 2017 email from the Administrative Director of CTC, Thomas Baileys, to the members of the Joint Operating Committee, stating, in pertinent part:

> As you are aware we have been dealing with a disturbing situation and it has ensnared another staff member (in a much different way). As a result the entire staff is on edge and the environment is a tinder box. I am working with our solicitor to arrange for several speakers from the Children's Advocacy Center and the District Attorney's office to come in on Monday afternoon to ease the tension and answer as many question as can be answered at this time.

48.     Instead of providing appropriate support for the abuse he suffered, Plaintiff C.D., upon his return to Defendant CTC after what had occurred, was singled out for his part in the scandal by the staff of Defendant CTC, as a result of direct retaliation by Defendant CTC for the reporting of abuse by Richard Humphrey and cooperating with law enforcement authorities.

49.     Upon information and belief, Defendant CTC and its administrators knew or should have known of Richard Humphrey's inappropriate conduct with multiple minor students in the Automotive Technology class including Plaintiff C.D. and should have taken some action to end the conduct, yet Defendant CTC was recklessly and deliberately indifferent to the need to: adequately monitor Richard Humphrey and protect the minor students from sexual misconduct, sexual abuse and/or harassment by their teacher while such minor students were in the care, custody and control of Defendant CTC; supervise Richard Humphrey; investigate the inappropriate conduct; protect Plaintiff C.D.; remove and/or suspend Richard Humphrey; and/or train Richard Humphrey and/or CTC employees on how to comply with mandatory reporting obligations and/or maintain/protect/preserve minor students to prevent sexual misconduct, sexual abuse and/or harassment from occurring, including that which occurred to Plaintiff C.D.; and/or prevent and protect against retaliation against C.D. because he reported Richard Humphrey's abuses and/or cooperated with law enforcement authorities.

50.     Despite being aware of Richard Humphrey's inappropriate conduct with minor students including Plaintiff C.D., Defendant CTC failed to take any action to: supervise Richard Humphrey; investigate the inappropriate conduct; protect Plaintiff C.D.; remove and/or suspend Richard Humphrey; and/or train Richard Humphrey and/or CTC employees on how to comply with mandatory reporting obligations and/or maintain/protect/preserve minor students to prevent sexual misconduct, sexual abuse

and/or harassment of Plaintiff C.D. by Richard Humphrey. Defendant CTC then

compounded its wrongdoing by retaliating against Plaintiff C.D., or permitting others to do so,

because he reported Richard Humphrey's abuses and/or cooperated with law

enforcement authorities.

51.     Upon information and belief, after a reasonable opportunity for further investigation

or discovery, discovery may likely reveal that Defendant Scranton School District knew or

should have known of Richard Humphrey's inappropriate conduct with multiple

minor students in the Automotive Technology class including Plaintiff C.D. and should have

taken some action to end the conduct, yet Defendant Scranton School District was recklessly and

deliberately indifferent to the need to: adequately monitor Richard Humphrey and

protect the minor students from sexual misconduct, sexual abuse and/or harassment by their

teacher while such minor students were in the care, custody and control of Defendant CTC and

Defendant Scranton School District; supervise Richard Humphrey; investigate the

inappropriate conduct; protect Plaintiff C.D.; remove and/or suspend Richard

Humphrey; and/or train Richard Humphrey and/or employees on how to comply with

mandatory reporting obligations and/or maintain/protect/preserve minor students to prevent

sexual misconduct, sexual abuse and/or harassment from occurring, including that which

occurred to Plaintiff C.D.; and/or prevent and protect against retaliation against C.D. because he

reported Richard Humphrey's abuses and/or cooperated with law enforcement

authorities.

52.     Upon information and belief, after a reasonable opportunity for further investigation

or discovery, discovery may likely reveal that Defendant Scranton School District, despite being

aware of Richard Humphrey's inappropriate conduct with minor students including

Plaintiff C.D., failed to take any action to: supervise Richard Humphrey; investigate

the inappropriate conduct; protect Plaintiff C.D.; remove and/or suspend

Richard Humphrey; and/or train Richard Humphrey and/or school district employees

on how to comply with mandatory reporting obligations and/or maintain/protect/preserve minor

students to prevent sexual misconduct, sexual abuse and/or harassment of Plaintiff C.D. by

Richard Humphrey. Defendant Scranton School District then compounded its

wrongdoing by retaliating against Plaintiff C.D., or permitting others to do so, because he

reported Richard Humphrey's abuses and/or cooperated with law enforcement

authorities.

53.    Upon information and belief, prior to being hired by Defendant CTC with the

approval of Defendant Scranton School District, Richard Humphrey had engaged in

similar sexual misconduct, sexual abuse and/or harassment during his employment with Toyota

of Scranton, located near the campus of Defendant CTC.

54.    Defendant CTC and Defendant Scranton School District knew or should have know

of Richard Humphrey's propensity for inappropriate conduct with others before

Defendant CTC with the approval of Defendant Scranton School District hired Richard

Humphrey to teach minor students, and did nothing in its hiring and investigation of this

prospective teacher to protect students like Plaintiff C.D. from such propensity and conduct.

55.    Upon information and belief, at and prior to the time of the events in question in this

case, Defendant CTC and Defendant Scranton School District did not have in place a policy

and/or procedure and/or enforce adequate policies or procedures to properly vet CTC teacher

applicants and/or conduct appropriate and thorough adequate background checks so as to protect

students from predatory sexual deviants such as Richard Humphrey.

56.    Defendant CTC and Defendant Scranton School District had a policy and/or custom

of ignoring signs of sexual misconduct, sexual abuse and/or harassment between teachers and

minor students, and of failing to investigate situations where inappropriate conduct by a teacher

was suggested and/or suspected and/or evident; ignoring its mandatory reporting obligation;

discouraging students from reporting abuses and retaliating against those who did and/or

"circling the wagons" in an effort to protect themselves and their respective administrators,

teachers and employees from scandal, adverse publicity and/or accountability.

57.     At all times relevant hereto, Defendant CTC and Defendant Scranton School District

were aware of and recklessly and deliberately indifferent to, the need for additional or different

training, testing, rules, regulations, policies, procedures, guidelines, directives, monitoring of,

supervision of, and investigation relating to inappropriate conduct between students and teachers.

58.     At all times relevant hereto, Defendant CTC and Defendant Scranton School District

were aware of and recklessly and deliberately indifferent to the need to adequately monitor and

protect the students, including Plaintiff C.D., in the Automotive Technology class taught by

Richard Humphrey while he, then a minor, was within their care, custody and control,

and acted without due care in failing to do so.

59.     Plaintiff C.D. 's life is severely and permanently damaged as a result of the harm and

abuse he suffered due to Richard Humphrey's conduct, which was exacerbated due to

Defendant CTC's failure to: investigate Richard Humphrey's misconduct and/or

inappropriate/questionable/suspicious behavior; prevent and stop Richard Humphrey's

misconduct and/or inappropriate/questionable/suspicious behavior; prevent

Richard Humphrey from being hired by Defendant CTC; take immediate action against

Richard Humphrey when made aware of his misconduct; and/or provide a safe and

secure environment for Plaintiff, all of which Plaintiff believes and therefore avers that

Defendant CTC knew or should have known about. Plaintiff C.D. has suffered further physical and emotional injuries as a result of the acts of retaliation to which he was subjected throughout the remainder of his tenure at Defendant CTC because of his role in reporting Richard Humphrey's abuses and cooperating with law enforcement officials.

60.    Plaintiff C.D. 's life is severely and permanently damaged as a result of the harm and abuse he suffered due to Richard Humphrey's conduct, which was exacerbated due to Defendant Scranton School District's failure to: investigate Richard Humphrey's misconduct and/or inappropriate/questionable/suspicious behavior; prevent and stop Richard Humphrey's misconduct and/or inappropriate/questionable/suspicious behavior; prevent Richard Humphrey from being hired by Defendant CTC with the approval of Defendant Scranton School District; take immediate action against Richard Humphrey when made aware of his misconduct; and/or provide a safe and secure environment for Plaintiff, all of which Plaintiff believes and therefore avers that after a reasonable opportunity for further investigation or discovery, discovery may likely reveal that Defendant Scranton School District knew or should have known about.

61.    The sexual misconduct, sexual abuse and/or sexual harassment against Plaintiff C.D., who was a minor and a student in Defendant CTC's care, custody and control, were the direct and proximate result of the recklessness and deliberate indifference of Defendant CTC. Such recklessness and deliberate indifference included the following:

a) failing to provide appropriate observation and supervision of Plaintiff C.D. when in the presence of Richard Humphrey, who Defendant CTC knew or should have known had a propensity and/or reputation for inappropriate conduct with minor students including Plaintiff C.D.;

b) inadequate hiring of teachers such as Richard Humphrey who was not qualified to work with minor students, without doing a proper investigation as to qualification for working with minor students;

c) failing to take timely action and failing to notify authorities, such as law enforcement, child protective and/or public welfare services, about any inappropriate conduct with minor students to prevent further harm to those minors;

d) failing to warn parents, students and others of Richard Humphrey's propensity to have inappropriate contact with minor students including Plaintiff C.D. and not preventing the same;

e) failing to conduct appropriate background checks on staff including teachers such as Richard Humphrey, prior to hiring;

t) failing to do a full and appropriate investigation, vetting and evaluation of Richard Humphrey prior to hiring him;

g) failing in its hiring and investigation of Richard Humphrey by not having an appropriate and thorough background check;

h) failing to recognize the inappropriate contacts and conduct by  Richard Humphrey with minor students including Plaintiff C.D. and not intervening to prevent/stop the same;

i) failing to prevent Richard Humphrey from coming into contact with Plaintiff C.D. and from abusing/harassing Plaintiff C.D. while in the care, custody and control of Defendant CTC;

j) failing to take steps to intervene and stop Richard Humphrey from engaging in inappropriate conduct with minor students including Plaintiff C.D. in the Automotive Technology class;

k) failing to take steps to protect Plaintiff C.D. while he was in the care, custody and control of Defendant CTC;

l) failing to take appropriate steps to remove and/or suspend Richard Humphrey from teaching and/or having contact with minor students and/or being present on Defendant CTC's premises, when Richard Humphrey had engaged in inappropriate conduct with minor students and/or committed assaults on those students, including Plaintiff C.D.;

m) failing to use appropriate monitoring systems to ensure the protection of minor students including Plaintiff C.D.;

n) failing to properly train school staff including but not limited to teachers, administrators and other employees and staff to recognize and prevent inappropriate conduct and contact between teachers and students;

o) allowing teachers, including Richard Humphrey, to engage in inappropriate conduct and contact with students;

p) failing to observe, enforce, follow and/or implement policies and procedures developed by school districts and the federal and state departments of education for the handling and monitoring of relationships between students and teachers in order to prevent inappropriate conduct from occurring, thereby creating a policy, practice and/or custom of such failings within the school;

q) allowing a hostile education environment and sexual harassment of minor students by a teacher to occur and continue on CTC's premises;

r) allowing Richard Humphrey to have interaction with students, including Plaintiff C.D., when Defendant CTC knew or should have known that

Richard Humphrey would harm and/or have inappropriate sexual contact with such minor students while they were in the care, custody and control of Defendant CTC;

s) failing to follow, observe, enforce and/or implement policies and procedures relating to safe and secure supervision, monitoring and protection of students, by leaving Richard Humphrey unsupervised, unattended and unmonitored with minor students when he had a history of, and/or a known propensity for inappropriate conduct and contact with minor students;

t) failing to intervene or investigate after Defendant CTC obtained knowledge of and/or information concerning possible inappropriate conduct and contact between Richard Humphrey and minor students including Plaintiff C.D.;

u) failing to provide appropriate resources to staff, including teachers, administrators and/or other staff: to recognize inappropriate conduct and contact and/or prevent sexual abuse/assault/harassment between teachers and students;

v) failing to create, adopt, follow, enforce and/or implement appropriate policies and procedures to ensure that inappropriate conduct and contact between teachers and students would not occur;

w) failing to create, adopt, follow, enforce and/or implement any proper policies and procedures to prohibit inappropriate conduct and contact between teachers and students;

x) failing to create, adopt, follow, enforce and/or implement any proper policies and procedures to prohibit retaliation against any minor students who report abuse by school employees;

y) failing to supervise Richard Humphrey; investigate Richard Humphrey's inappropriate

conduct; protect minor students, including Plaintiff C.D.; remove and/or suspend Richard

Humphrey; and/or train Richard Humphrey and/or Defendant CTC employees on how to

comply with mandatory reporting obligations and/or how to maintain/protect/preserve

minor students to prevent sexual abuse and/or harassment from occurring;

z) failing to act and investigate the inappropriate conduct, sexual abuse and/or harassment

by Richard Humphrey of minor students, who were not capable of welcoming

and/or consenting to inappropriate conduct and contact by Richard Humphrey,

which was made possible by grooming and manipulating minor students, including

Plaintiff C.D., through intimate contact/conduct with him;

aa) failing to perform an appropriate Title IX investigation related to the sexual

misconduct, sexual abuse and/or sexual harassment by Richard Humphrey;

bb) failing to prepare an appropriate Title IX report related to the sexual misconduct,

sexual abuse and/or sexual harassment by Richard Humphrey;

cc) failing to act upon Richard Humphrey's known inappropriate conduct and

contact with minor students, thus making possible and/or allowing by the support and/or

ratification and/or inaction of Defendant CTC and/or Defendant Scranton School District

as detailed in the foregoing paragraphs, the abuse of minor students, including Plaintiff

C.D.;

dd) failing to provide necessary care, treatment and support of the minor students as the

sexual abuse and/or harassment was ongoing;

ee) failing to provide necessary care, treatment and support of the minor students at the

conclusion of the sexual abuse and/or harassment when Richard Humphrey

was removed from his position and arrested;

ff) failing to provide, offer, recommend or coordinate adequate health, psychological, counseling and academic assistance and services to Plaintiff C.D. after he was sexually abused and/or harassed by Richard Humphrey;

gg) failing to terminate or otherwise discipline employees and agents identified herein for their willful disregard of the safety and rights of Plaintiff C.D. and other minor students; and

hh) retaliating against the minor students, including Plaintiff C.D., rather than providing the necessary care, treatment and support of the minor students.

62.    The sexual misconduct, sexual abuse and/or sexual harassment against Plaintiff C.D., who was a minor and also a student in Defendant Scranton School District's care, custody and control, were the direct and proximate result of the recklessness and deliberate indifference of Defendant Scranton School District. Such recklessness and deliberate indifference included the following:

a) failing to provide appropriate observation and supervision of Plaintiff C.D. when in the presence of Richard Humphrey, who Defendant Scranton School District knew or should have known had a propensity and/or reputation for inappropriate conduct with minor students including Plaintiff C.D.;

b) inadequate hiring of teachers such as Richard Humphrey who was not qualified to work with minor students, without doing a proper investigation as to qualification for working with minor students;

c) failing to take timely action and failing to notify authorities, such as law enforcement, child protective and/or public welfare services, about any inappropriate conduct with minor students to prevent further harm to those minors;

d) failing to warn parents, students and others of Richard Humphrey's propensity to have inappropriate contact with minor students including Plaintiff C.D. and not preventing the same;

e) failing to conduct appropriate background checks on staff including teachers such as Richard Humphrey, prior to hiring;

f) failing to do a full and appropriate investigation, vetting and evaluation of Richard Humphrey prior to hiring him;

g) failing in its hiring and investigation of Richard Humphrey by not having an appropriate and thorough background check;

h) failing to recognize the inappropriate contacts and conduct by Richard Humphrey with minor students including Plaintiff C.D. and not intervening to prevent/stop the same;

i) failing to prevent Richard Humphrey from coming into contact with Plaintiff C.D. and from abusing/harassing Plaintiff C.D. while in the care, custody and control of Defendant CTC and/or Defendant Scranton School District;

j) failing to take steps to intervene and stop Richard Humphrey from engaging in inappropriate conduct with minor students including Plaintiff C.D. in the Automotive Technology class;

k) failing to take steps to protect Plaintiff C.D. while he was in the care, custody and control of Defendant CTC and/or Defendant Scranton School District;

l) failing to take appropriate steps to remove and/or suspend Richard Humphrey from teaching and/or having contact with minor students and/or being present on Defendant CTC's premises, when Richard Humphrey had engaged in inappropriate conduct with minor students and/or committed assaults on those students, including Plaintiff C.D.;

m) failing to use appropriate monitoring systems to ensure the protection of minor

students including Plaintiff C.D.;

n) failing to properly train school staff including but not limited to teachers,

administrators and other employees and staff to recognize and prevent inappropriate

conduct and contact between teachers and students;

o) allowing teachers, including Richard Humphrey, to engage in inappropriate

conduct and contact with students;

p) failing to observe, enforce, follow and/or implement policies and procedures

developed by school districts and the federal and state departments of education for the

handling and monitoring of relationships between students and teachers in order to

prevent inappropriate conduct from occurring, thereby creating a policy, practice and/or

custom of such failings within the school;

q) allowing a hostile education environment and sexual harassment of minor students by

a teacher to occur and continue on school premises;

r) allowing Richard Humphrey to have interaction with students, including

Plaintiff C.D., when Defendant Scranton School District knew or should have known that

Richard Humphrey would harm and/or have inappropriate sexual contact with such minor

students while they were in the care, custody and control of Defendant CTC and/or

Defendant Scranton School District;

s) failing to follow, observe, enforce and/or implement policies and procedures relating to

safe and secure supervision, monitoring and protection of students, by leaving Richard

Humphrey unsupervised, unattended and unmonitored with minor students when he

had a history of, and/or a known propensity for inappropriate conduct and contact with

minor students;

t) failing to intervene or investigate after Defendant CTC and/or Defendant Scranton

School District obtained knowledge of and/or information concerning possible

inappropriate conduct and contact between Richard Humphrey and minor

students including Plaintiff C.D.;

u) failing to provide appropriate resources to staff, including teachers, administrators

and/or other staff, to recognize inappropriate conduct and contact and/or prevent sexual

abuse/assault/harassment between teachers and students;

v) failing to create, adopt, follow, enforce and/or implement appropriate policies and

procedures to ensure that inappropriate conduct and contact between teachers and

students would not occur;

w) failing to create, adopt, follow, enforce and/or implement any proper policies and

procedures to prohibit inappropriate conduct and contact between teachers and

students;

x) failing to create, adopt, follow, enforce and/or implement any proper policies and

procedures to prohibit retaliation against any minor students who report abuse by

school employees;

y) failing to supervise Richard Humphrey; investigate Richard Humphrey's inappropriate

conduct; protect minor students, including Plaintiff C.D.; remove and/or suspend Richard

Humphrey; and/or train Richard Humphrey and/or Defendant CTC employees and/or

Defendant Scranton School District employees on how to comply with mandatory

reporting obligations and/or how to maintain/protect/preserve minor students to prevent

sexual abuse and/or harassment from occurring;

z) failing to act and investigate the inappropriate conduct, sexual abuse and/or harassment

by Richard Humphrey of minor students, who were not capable of welcoming

and/or consenting to inappropriate conduct and contact by Richard Humphrey,

which was made possible by grooming and manipulating minor students, including

Plaintiff C.D., through intimate contact/conduct with him;

aa) failing to perform an appropriate Title IX investigation related to the sexual

misconduct, sexual abuse and/or sexual harassment by Richard Humphrey;

bb) failing to prepare an appropriate Title IX report related to the sexual misconduct,

sexual abuse and/or sexual harassment by Richard Humphrey;

cc) failing to act upon Richard Humphrey's known inappropriate conduct and

contact with minor students, thus making possible and/or allowing by the support and/or

ratification and/or inaction of Defendant CTC and/or Defendant Scranton School District

as detailed in the foregoing paragraphs, the abuse of minor students, including Plaintiff

C.D.;

dd) failing to provide necessary care, treatment and support of the minor students as the

sexual abuse and/or harassment was ongoing;

ee) failing to provide necessary care, treatment and support of the minor students at the

conclusion of the sexual abuse and/or harassment when Richard· Humphrey was

removed from his position and arrested;

ff) failing to provide, offer, recommend or coordinate adequate health, psychological,

counseling and academic assistance and services to Plaintiff C.D. after he was sexually

abused and/or harassed by Richard Humphrey;

gg) failing to terminate or otherwise discipline employees and agents identified herein for

their willful disregard of the safety and rights of Plaintiff C.D. and other minor students; and

hh) retaliating against the minor students, including Plaintiff C.D., rather than providing the necessary care, treatment and support of the minor students

<u>COUNT I</u>

<u>Plaintiff v. Defendant CTC and Defendant Scranton School District</u>

<u>TITLE IX, 20 U.S.C. §1681</u>

63.     Plaintiff incorporates the previous paragraphs of this Complaint by reference as if fully set forth at length herein.

64.     The conduct of Defendants, by and through their agents, employees, servants and officers, in failing to prevent Richard Humphrey's sexual abuse and/or harassment of Plaintiff C.D. when Defendants CTC and Scranton School District knew or should have known of Richard Humphrey's inappropriate conduct and contact with Plaintiff C.D., a minor student, constituted deliberate indifference to a teacher's sexual abuse and/or harassment of a minor student. Said conduct was the cause of Plaintiff C.D.'s harm.

65.     Defendants, by and through their agents, employees, servants and officers, created and/or permitted to continue the sexual abuse and/or harassment and hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C., Section 1681(a).

66.     Pursuant to Title IX, Plaintiff was a member of a protected class.

67.     As hereinafter set forth, Plaintiff was subjected to sexual harassment in the form of sexual advances and actual sexual contact/conduct from Richard Humphrey.

68.     Said harassment was based on Plaintiff C.D. 's sex.

69.     The sexual harassment as previously set forth herein unreasonably interfered with

Plaintiff C.D.'s performance as a student in school and created an intimidating, hostile and/or offensive environment which severely affected his well-being, both physical and psychological.

70.     Defendants CTC and Scranton School District knew or should have known of Richard Humphrey's extraordinary amounts of time spent with, and/or inappropriate behavior with, and/or misconduct with Plaintiff C.D., had authority to investigate and remedy the situation on behalf of Defendants, yet were deliberately indifferent thereto.

71.     As a result of Defendants' failure to properly act and/or investigate Richard Humphrey's conduct, Plaintiff C.D. was subjected to sexual harassment in the form of sexual advances and actual sexual conduct/contact from Richard Humphrey.

72.     Such conduct violates Title IX of the Education Amendments of 1972, which provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C., Section 1681(a).

73.     As a direct and proximate result of the above-stated acts and omissions, Plaintiff C.D. has suffered such harm as has been previously stated herein for which he is entitled to be compensated for under Title IX of the Education Amendments of 1972.

WHEREFORE, Plaintiff demands judgment against Defendant CTC and Defendant Scranton School District in an amount in excess of $50,000.00 plus interest and costs, which sum includes, but is not limited to:

    a)  All Compensatory damages permitted by Pennsylvania law;

    b)  All damages recoverable under Title IX, including interest, costs and attorney fees; and

c) All other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case.

## COUNT II

### Plaintiff v. Defendant CTC and Defendant Scranton School District

### TITLE IX, 20 U.S.C. §1681 - Post-May 2017

74.    Plaintiff incorporates the previous paragraphs of this Complaint by reference as if fully set forth at length herein.

75.    Defendants CTC and Defendant Scranton School District had actual knowledge of the discrimination against Plaintiff C.D. as outlined in the previous paragraphs of this Complaint.

76.    Defendants CTC and Defendant Scranton School District had actual knowledge and the authority to take corrective action to provide, offer, recommend or coordinate adequate health, psychological, counseling and academic assistance and services to Plaintiff C.D. to help remedy the harm he suffered due to discrimination and harassment, including sexual abuse and harassment. Defendants CTC and Scranton School District chose not to do so.

77.    On May 13, 2017, a referral was made reporting Humphrey to the Pennsylvania ChildLine Registry. On May 15, 2017, Humphrey was not immediately fired, but was suspended with pay. Defendant CTC's remedial action to delay firing, and initially, to suspend with pay was clearly not reasonable in light of the known circumstances. Defendant CTC, as evident by this unreasonable remedial action, acted with deliberate indifference after the ChildLine report. Moreover, after the ChildLine report, CTC and Scranton School District did not even perform an investigation into the claims outlined in this Complaint.

78.    By action and inaction after Richard Humphrey's arrest, Defendant CTC and Defendant Scranton School District acted with deliberate indifference to Plaintiff C.D. 's right to a safe and secure education environment. Defendant CTC and Defendant Scranton

School District materially impaired Plaintiff C.D.'s access to educational opportunities and

benefits in violation of the requirements of Title IX by:

      a) failing to provide, offer, recommend or coordinate adequate health, psychological,

      counseling and academic assistance and services to Plaintiff C.D. alter he was sexually

      abused and/or harassed by Richard Humphrey; or being deliberately

      indifferent thereto;

      b) failing to terminate or otherwise discipline employees and agents identified herein for

      their willful disregard of the safety and rights of Plaintiff C.D. and other minor

      students; or being deliberately indifferent thereto;

      c) retaliating against Plaintiff C.D. and/or permitting others under their direction and/or

      control to do so because of Plaintiffs role in reporting Richard Humphrey's

      abuses and/or cooperating with law enforcement authorities; and

      d) through other actions, inactions and deliberate indifference as may be revealed through

      discovery.

    79.    As a direct and proximate result of the above-stated acts and omissions, Plaintiff C.D.

has suffered such harm as has been previously stated herein for which he is entitled to be

compensated for under Title IX of the Education Amendments of 1972.

    WHEREFORE, Plaintiff demands judgment against Defendant CTC and Defendant

Scranton School District in an amount in excess of $50,000.00 plus interest and costs, which sum

includes, but is not limited to:

      a)  All Compensatory damages permitted by Pennsylvania law;

      b)  All damages recoverable under Title IX, including interest, costs and attorney fees;
         and

      c)  All other damages and relief as is deemed necessary and equitable by the Court and/or

jury presiding over this case.

## COUNT III

### Plaintiff v. Defendant CTC and Defendant Scranton School District

### TITLE IX, 20 U.S.C. §1681 – Retaliation

80.     Plaintiff incorporates the previous paragraphs of this Complaint by reference as if fully set forth at length herein.

81.     Defendant CTC and Defendant Scranton School District had actual knowledge of the Discrimination against Plaintiff C.D. as outlined in the previous paragraphs of this Complaint.

82.     Defendant CTC and Defendant Scranton School District had actual knowledge and the authority to take corrective action to provide, offer, recommend or coordinate adequate health, psychological, counseling and academic assistance and services to Plaintiff C.D. to help remedy the harm he suffered due to discrimination and harassment, including sexual abuse and harassment, including that perpetrated by Richard Humphrey, but deliberately and recklessly chose not to do so in retaliation for Plaintiff C.D.'s involvement in the sexual abuse scandal and reporting of the sexual abuse by Richard Humphrey and/or cooperation with law enforcement authorities, along with other acts of retaliation as outlined herein.

83.     A police criminal complaint was filed against Richard Humphrey on May 30, 2017 pertaining to the sexual misconduct, sexual abuse and/or sexual harassment as a result of Plaintiff C.D. and other minor students reporting the sexual abuse they suffered by Richard Humphrey. Defendants CTC and Scranton School District had knowledge of the police criminal complaint.

84.     Indeed, on or about May 15, 2017, Richard Humphrey was suspended with pay while an investigation pertaining to the sexual misconduct, sexual abuse and/or sexual

harassment of CTC students, including Plaintiff C.D., was conducted. He was subsequently forced to resign as a result of the events described herein.

85.     Despite such actual knowledge of the abuses he was subjected to by Richard Humphrey, Defendants CTC and Scranton School District knowingly and deliberately failed and refused to provide, offer, recommend or coordinate adequate health, psychological, counseling and/or academic assistance and services to Plaintiff C.D. after he was sexually abused and/or harassed by Richard Humphrey so as to protect Plaintiff from suffering further harms as a result of Humphrey's sexual exploitation and abuses.

86.     Instead of fulfilling the legal and moral obligations they each owed to Plaintiff C.D., Defendants, by and through their respective agents, employees, board members, servants and officers, to wit, employees, supervisors, administrators and principals, retaliated against and took materially adverse actions against Plaintiff C.D. and other students that were sexually abused and assaulted by Richard Humphrey.

87.     For instance, upon Richard Humphrey's arrest, Defendant CTC, by and through its employee Robert Hudak, an instructional aide or paraprofessional in the Automotive Technology class, addressed the class in the days after Richard Humphrey's arrest and accused the minor students, including Plaintiff C.D., of being liars and attempting to ruin Richard Humphrey's reputation and life, stating that he hopes that they all "get what they have coming to them." These totally inappropriate statements were made by Hudak in front of the entire class and were unquestionably intended to threaten and intimidate the victims of Richard Humphrey's abuses, cause them to believe that their conduct in reporting the numerous instances of sexual abuse and molestation were inappropriate, and/or obstruct their future cooperation with law enforcement authorities. According to the deposition testimony of Thomas Bailey, Hudak admitted to saying these things, and he was suspended and later retired

because of this. Bailey further indicated that police were threatening to file charges against Hudak for witness intimidation. Thus, the retaliation was so obvious that Hudak's actions were borderline criminal. There can be no doubt that the actions of Robert Hudak, a person in a position of authority over these students, would dissuade a reasonable person from making or supporting a charge of [or complaint] about discrimination. The context of these students in front of the entire class being questioned, threatened and intimidated, called liars, and told they will all "get what they had coming to them" is the very definition of "material adverse action" and objectively can only be viewed as one that produces injury or harm.

88.     By action and inaction after Richard Humphrey's arrest, Defendant CTC and Defendant Scranton School District acted with deliberate indifference to Plaintiff C.D.'s right to a safe and secure education environment and retaliated against Plaintiff C.D. for his involvement in the sexual abuse scandal at Defendant CTC and the reporting of sexual abuse by Richard Humphrey. Defendant CTC and Defendant Scranton School District materially impaired Plaintiff C.D. 's access to educational opportunities and benefits in violation of the requirements of Title IX by:

> a) failing and refusing to provide, offer, recommend or coordinate adequate health, psychological, counseling and academic assistance and services to Plaintiff C.D. after he was sexually abused and/or harassed by Richard Humphrey; or being deliberately indifferent thereto;
>
> b) failing to terminate or otherwise discipline employees and agents identified herein for their willful disregard of the safety and rights of Plaintiff C.D. and other minor students; or being deliberately indifferent thereto;
>
> c) failing to provide necessary care, treatment and support of the minor students at the

conclusion of the sexual abuse and/or harassment;

d)  retaliating against the minor students, including Plaintiff C.D., rather than providing the necessary care, treatment and support of the minor students; and

e)  accusing the minor students, including Plaintiff C.D., of being liars and attempting to ruin Richard Humphrey's reputation and life.

89.    The aforementioned actions by Defendants CTC and Scranton School District and their officials exhibited and demonstrated a retaliatory animus towards Plaintiff C.D.

90.    The Defendants CTC and Scranton School District took adverse actions against those making complaints against Humphrey by signaling them out and treating them differently from the other students as evident by the actions of Robert Hudak; these adverse actions by the Defendants CTC and Scranton School District were material in that they produced emotional and psychological harm on the victims who spoke out.

91.    The actions of Defendants, as aforementioned, were in violation of Title IX, which expressly prohibits retaliation in educational settings in response to protected activity.

92.    As a direct and proximate result of the above-stated acts and omissions, Plaintiff C.D. has been severely and significantly injured as a result of the conduct of Defendants CTC and Scranton School District. Plaintiff C.D. has suffered severe emotional distress, and continues to seek counseling due to the conduct of Defendants CTC and Scranton School District.

WHEREFORE, Plaintiff demands judgment against Defendant CTC and Defendant Scranton School District in an amount in excess of $50,000.00 plus interest and costs, which sum includes, but is not limited to:

a)  All Compensatory damages permitted by Pennsylvania law;

b)  All damages recoverable under Title IX, including interest, costs and attorney fees; and

c) All other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case.

## COUNT IV

### Plaintiff v. Defendant CTC and Defendant Scranton School District

### Civil Rights - 42 U.S.C. §1983

93.     Plaintiff incorporates the previous paragraphs of this Complaint by reference as if fully set forth at length herein.

94.     Pursuant to the Due Process Clause of the Fourteenth Amendment, Plaintiff C.D. had the right as public school student to personal security and bodily integrity.

95.     Pursuant to the Due Process Clause of the Fourteenth Amendment, Plaintiff C.D. had the right to be free from sexual misconduct and/or sexual abuse and/or sexual harassment at the hands of an employee of the public school system such as Richard Humphrey.

96.     Under the Fourteenth Amendment, Plaintiff had the right to be free from illegal seizures.

97.     Defendants, by and through their agents, employees, servants and officers, as state actors, subjected Plaintiff C.D. to violations of his Constitutional right as a public school student to personal security and bodily integrity as well as his right to be free from sexual misconduct and/or sexual abuse and/or sexual harassment at the hands of an employee of the public school system such as Richard Humphrey.

98.     In subjecting Plaintiff C.D. to these violations, Defendants CTC and Scranton School District, by and through their agents, employees, servants and officers, as state actors, failed to investigate Richard Humphrey's conduct; failed to adequately supervise Richard Humphrey; failed to suspend or fire Richard Humphrey; failed in their hiring and investigation of Richard

Humphrey by not having an appropriate and thorough background check; failed to adequately train Richard Humphrey and other school district employees on how to comply with mandatory reporting obligations and/or maintain/protect/preserve minor students to prevent sexual misconduct and/or sexual abuse and/or sexual harassment in the form of sexual advances and sexual contact by teachers and/or prevent/stop the abuse by Richard Humphrey of minor students including Plaintiff C.D.; and in so doing manifested a deliberate indifference to the adverse effect of Richard Humphrey's misconduct and the effect of same upon students, including Plaintiff C.D.

99.     Plaintiff C.D avers that Defendants CTC and Scranton School District had and has unconstitutional customs and policies of failing to investigate evidence of public school district employees' misconduct, sexual abuse and/or sexual harassment against school district students in the nature of violations of their right to personal security, bodily integrity, as well as their right to be free from sexual misconduct and/or sexual abuse and/or sexual harassment, and failing to adequately supervise and train school district employees with regard to maintaining, preserving and protecting students from violation of their right to personal security and bodily integrity.

100.    The conduct of Defendants CTC and Scranton School District, by and through their agents, employees, servants and officers and other school district personnel, as set forth above, acting under color of state law, in failing to put in place and enforce policies to adequately protect students from inappropriate conduct by teachers, was committed in deliberate and/or conscious disregard of the substantial and/or unjustifiable risk of causing harm to Plaintiff C.D., and was so egregious as to shock the conscience. Said conduct was the cause of Plaintiff C.D.'s harm.

101.    The conduct as described above was committed pursuant to a municipal policy and/or

custom.

102.    Plaintiff C.D. avers that Defendants CTC and Scranton School District, by and through their agents, employees, servants and officers and other school district personnel, followed these unconstitutional policies and/or customs with regard to himself as hereinafter set forth.

103.    The conduct described above violated Plaintiff C.D.'s constitutional right to substantive due process and his right to be free from invasion of his personal security and/or his right to bodily integrity, as guaranteed by the 14th Amendment to the United States Constitution and as remediable by 42 U.S.C. §1983.

104.    Defendants CTC and Scranton School District, by and through their agents, employees, servants and officers and other School district personnel, are the policy maker for the purpose of implementing Defendants' policies and customs.

105.    As a direct and proximate result of the above-stated acts and omissions, Plaintiff C.D. has suffered such harm as has been previously stated herein for which he is entitled to be compensated.

WHEREFORE, Plaintiff demands judgment against Defendant CTC and Defendant Scranton School District in an amount in excess of $50,000.00 plus interest and costs, which sum includes, but is not limited to:

a)  All Compensatory damages permitted by Pennsylvania law;

b) All damages recoverable under 42 U.S.C. §1983, including interest, costs and attorney fees; and

c) All other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case.

## COUNT V

### Plaintiff v. Defendant CTC and Defendant Scranton School District

### Civil Rights - 42 U.S.C. §1983 - State Created Danger

106.    Plaintiff incorporates the previous paragraphs of this Complaint by reference as if fully set forth at length herein.

107.    A special relationship existed between Plaintiff C.D. and Defendants CTC and Scranton School District whereby Defendants CTC and Scranton School District owed an affirmative duty to protect the health and safety of Plaintiff C.D.

108.    Over a period of years, Richard Humphrey repeatedly sexually abused, harassed and assaulted minor students in his classroom, including Plaintiff C.D.

109.    Prior to and during the period of sexual abuse, other employees and officials of Defendants CTC and Scranton School District knew about Richard Humphrey's proclivity to engage in improper touching and groping of minor students. Nonetheless, no appropriate, effective, or adequate steps were taken to protect students from Richard Humphrey's sexual abuse.

110.    During the period of abuse, other school employees and officials became aware that Richard Humphrey was using very vulgar and explicit language in the classroom, constantly engaging in inappropriate and unwanted physical contact with his minor students by placing his hands on their backs, shoulders, thighs and private regions, including Plaintiff C.D., however, no proper inquiries were made and no corrective action was taken.

111.    Up until the time of his resignation and arrest, and at all relevant times herein, Richard Humphrey was a teacher at Defendant CTC. In that capacity, he was the agent, servant, and/or employee of both Defendants.

112.    At all times relevant hereto, Richard Humphrey was acting under color of

state law.

113.    One of Richard Humphrey's functions as a school teacher of Defendants
CTC and Scranton School District was to protect and serve the public, including the minor
students and Plaintiff C.D.

114.    All of Richard Humphrey's wrongful acts as alleged in this Complaint
were made possible by Richard Humphrey's employment as a teacher of Defendants.

115.    At all times relevant hereto, Defendants CTC and Scranton School District did not
have in place adequate procedures, policies, or safeguards to prevent sexual abuse such as the
kind suffered by Plaintiff C.D. Thomas Bailey, through deposition testimony, indicated that
Defendant CTC never even investigated said allegations.

116.    Defendants CTC and Scranton School District's actions, through promulgating the
policies and procedures that they did have in place, failed to protect the Plaintiff C.D., and the
other student victims. The policies and procedures that were in place concerning investigating
prospective teachers did not involve adequate background checks to protect the students given
that an adequate background check would have revealed that Richard Humphrey had
engaged in similar sexual misconduct at his prior place of employment, Toyota of Scranton.

117.    As a direct, legal, and proximate result of the wrongdoing described in this
Complaint, Plaintiff C.D. has suffered serious emotional pain, suffering, and damages and
continues to seek counseling due to the conduct of Defendants CTC and Scranton School
District.

118.    As a direct, legal, and proximate result of the wrongful conduct described in this
Complaint, Plaintiff C.D. has also suffered physical and emotional trauma associated with the
unlawful sexual touching and abuse, and the loss of important federally guaranteed civil rights.

119.    The actions of Defendants CTC and Scranton School District, including exposing Plaintiff C.D. to the danger implicit in being subject to the educational authority of a teacher with the proclivities to abuse young, minor students, violated his rights under the United States Constitution, including the right to be free from state created danger.

120.    In this case, the harm ultimately caused, that being the sexual abuse of Plaintiff C.D., as well as other minor students, was foreseeable and fairly direct.

121.    Defendants CTC and Scranton School District acted in willful disregard for Plaintiff C.D.'s safety.

122.    Defendants CTC and Scranton School District used their authority to create the opportunity that otherwise would not have existed for Richard Humphrey's crime to occur.

123.    The conduct of Defendants CTC and Scranton School District shocks the conscience.

124.    Defendants CTC and Scranton School District breached their duty to protect Plaintiff C.D., despite their special relationship and Defendants' constitutional responsibility to do so.

125.    The harm to Plaintiff C.D. was the direct, legal, proximate, and foreseeable result of the misconduct of Defendants CTC and Scranton School District.

126.    Defendants CTC and Scranton School District are liable for the injuries to Plaintiff C.D. in that Defendants CTC and Scranton School District created a danger which caused harm to the Plaintiff C.D.

WHEREFORE, Plaintiff demands judgment against Defendant CTC and Defendant Scranton School District in an amount in excess of $50,000.00 plus interest and costs, which sum includes, but is not limited to:

a)  All Compensatory damages permitted by Pennsylvania law;

b) All damages recoverable under 42 U.S.C. § 1983, including interest, costs and attorney fees; and

c) All other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case.

## COUNT VI

### Plaintiff v. Defendant CTC and Scranton School District

### Civil Rights -42 U.S.C. §1983 - Failure to Train and Supervise

127. Plaintiff incorporates the previous paragraphs of this Complaint by reference as if fully set forth at length herein.

128. Richard Humphrey along with other teachers, administrators, officers, agents and employees of Defendants CTC and Scranton School District were state actors working for Defendants CTC and Scranton School District and Defendants CTC and Scranton School District received federal funding at all times relevant hereto.

129. Richard Humphrey along with other teachers, administrators, officers, agents, and employees of Defendants CTC and Scranton School District acted under color of state law at all times relevant hereto.

130. Prior to and during the period of sexual abuse, Defendants CTC and Scranton School District and other employees and officials of Defendants CTC and Scranton School District knew about Richard Humphrey's proclivity to engage in improper touching and groping of minor students. Nonetheless, no appropriate, effective, or adequate steps were taken to protect students from Richard Humphrey's sexual abuse.

131. During the period of abuse, Defendants CTC and Scranton School District and other school employees and officials of Defendants CTC and Scranton School District became aware that Richard Humphrey was using very vulgar and explicit language in the classroom, constantly engaging in inappropriate and unwanted physical contact with his

minor students by rubbing their backs and shoulders, putting his arms around them, acting in a creepy and weird fashion and groping, caressing and/or slapping their private regions, however, no proper inquiries were made and no corrective action was taken.

132. Defendants CTC and Scranton School District and their teachers, administrators, officers, board members, agents, and/or employees knew or should have known that their response to sexual misconduct, abuse, harassment and assault allegations must comply with federal law, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

133. Defendants CTC and Scranton School District failed to properly train and supervise their teachers, administrators, officers, agents, and/or employees as to mandated investigative requirements, which include:

    a) failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of possible sexual violence;

    b) failing to take prompt and effective steps to end the sexual violence, prevent its recurrence, and address its effects;

    c.) failing to promptly report Richard Humphrey's sexual abuse, exploitation and/or harassment of students, including Plaintiff C.D., in accordance with their legal obligations; and

    d) failing to take reasonable and necessary steps to protect Plaintiff C.D. and other minor students from Richard Humphrey's abuses and/or from suffering the collateral harms and injures as described above.

134. Defendants' failure to train their teachers, administrators, officers, board members, agents, and/or employees to deal with actual, apparent, or suspected cases of sexual abuse was

the direct, legal and proximate cause of the harms suffered by Plaintiff C.D.

135.  Defendants' failure to provide proper and adequate training to their teachers, administrators, officers, agents, and/or employees constituted deliberate indifference to the presence of an excessive risk of danger to the health, welfare, and safety of the students of Defendants, including Plaintiff C.D.

WHEREFORE, Plaintiff demands judgment against Defendant CTC and Defendant Scranton School District in an amount in excess of $50,000.00 plus interest and costs, which sum includes, but is not limited to:

a)  All Compensatory damages permitted by Pennsylvania law;

b)  All damages recoverable under 42 U.S.C. § 1983, including interest, costs and attorney fees; and

c)  All other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case.

## COUNT VII – NEGLIGENCE
### Plaintiff v. Defendant CTC and Defendant Scranton School District

136.  Plaintiff incorporates the previous paragraphs of this Complaint by reference as if fully set forth at length herein.

137.  At all times relevant hereto, Richard Humphrey was employed by Defendant CTC and Defendant Scranton School District, as an Automotive Technology teacher at CTC at the time of the events outlined in this Complaint. At all times material and relevant hereto, Richard Humphrey was authorized by CTC and Scranton School District, both in its capacity as a sending school district and as an active member/participant of the Joint Operating Committee, to perform the duties and functions of an Automotive Technology teacher and, in fact, acted within the scope of said duties and responsibilities at the time of the events

outlined herein below.

138.   At all times relevant hereto, CTC acted by and through its agents, ostensible agents, employees, servants and officers, to wit, employees, joint operating committee members, supervisors, administrators and principals, during the relevant time period, from the beginning of Richard Humphrey's employment with CTC in July 2015 through the completion of the 2016-2017 school year at CTC in June 2017 when Richard Humphrey resigned his employment.

139.   At all times relevant hereto, Scranton School District acted by and through its agents, ostensible agents, employees, servants and officers, to wit, employees, board members, supervisors, administrators, teachers, officers and joint operating committee members during the relevant time period, from the beginning of Richard Humphrey's employment with CTC in July 2015 through the completion of the 2016~2017 school year at CTC in June 2017 when Richard Humphrey was forced to resign his employment as a result of the events described below.

140.   At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to provide appropriate observation and supervision of Plaintiff C.D. when in the presence of Richard Humphrey, who Defendants CTC and Scranton School District knew or should have known had a propensity and/or reputation for inappropriate conduct with minor students including Plaintiff C.D.

141.   At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to not hire teachers such as Richard Humphrey who was not qualified to work with minor students, without doing a proper investigation as to qualification for working with minor students.

142.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to take timely action and notify authorities, such as law enforcement, child protective and/or public welfare services, about any inappropriate conduct with minor students to prevent further harm to those minors.

143.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to warn parents, students and others of Richard Humphrey's propensity to have inappropriate contact with minor students including Plaintiff C.D. and not preventing the same.

144.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to conduct appropriate background checks on staff including teachers such as Richard Humphrey, prior to hiring.

145.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to do a full and appropriate investigation, vetting and evaluation of Richard Humphrey prior to hiring him.

146.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to not fail in its hiring and investigation of Richard Humphrey by not having an appropriate and thorough background check.

147.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to recognize the inappropriate contacts and conduct by Richard Humphrey with minor students including Plaintiff C.D. and not intervening to prevent/stop the same.

148.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to prevent Richard Humphrey from coming into contact

with Plaintiff C.D. and from abusing/harassing Plaintiff C.D. while in the care, custody and control of Defendants.

149.   At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to take steps to intervene and stop Richard Humphrey from engaging in inappropriate conduct with minor students including Plaintiff C.D. in the Automotive Technology class.

150.   At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to take steps to protect Plaintiff C.D. while he was in the care, custody and control of Defendants.

151.   At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to take appropriate steps to remove and/or suspend Richard Humphrey from teaching and/or having contact with minor students and/or being present on Defendant CTC's premises, when Richard Humphrey had engaged in inappropriate conduct with minor students and/or committed assaults on those students, including Plaintiff C.D.

152.   At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to use appropriate monitoring systems to ensure the protection of minor students including Plaintiff C.D.

153.   At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to properly train school staff including but not limited to teachers, administrators and other employees and staff to recognize and prevent inappropriate conduct and contact between teachers and students.

154.   At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to not allow teachers, including Richard Humphrey, to engage in

inappropriate conduct and contact with students.

155.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to observe, enforce, follow and/or implement policies and procedures developed by school districts and the federal and state departments of education for the handling and monitoring of relationships between students and teachers in order to prevent inappropriate conduct from occurring, thereby creating a policy, practice and/or custom of such failings within the school.

156.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to not allow a hostile education environment and sexual harassment of minor students by a teacher to occur and continue on CTC's premises.

157.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to not allow Richard Humphrey to have interaction with students, including Plaintiff C.D., when Defendant CTC knew or should have known that Richard Humphrey would harm and/or have inappropriate sexual contact with such minor students while they were in the care, custody and control of Defendants.

158.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to not fail to follow, observe, enforce and/or implement policies and procedures relating to safe and secure supervision, monitoring and protection of students, by leaving Richard Humphrey unsupervised, unattended and unmonitored with minor students when he had a history of, and/or a known propensity for inappropriate conduct and contact with minor students.

159.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District owed Plaintiff a duty to intervene or investigate after Defendant CTC obtained

knowledge of and/or information concerning possible inappropriate conduct and contact between

Richard Humphrey and minor students including Plaintiff C.D.

160.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District

owed Plaintiff a duty to provide appropriate resources to staff, including teachers, administrators

and/or other staff: to recognize inappropriate conduct and contact and/or prevent sexual

abuse/assault/harassment between teachers and students;

161.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District

owed Plaintiff a duty to create, adopt, follow, enforce and/or implement appropriate policies and

procedures to ensure that inappropriate conduct and contact between teachers and students would

not occur.

162.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District

owed Plaintiff a duty to create, adopt, follow, enforce and/or implement any proper policies and

procedures to prohibit inappropriate conduct and contact between teachers and students.

163.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District

owed Plaintiff a duty to create, adopt, follow, enforce and/or implement any proper policies and

procedures to prohibit retaliation against any minor students who report abuse by school

employees.

164.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District

owed Plaintiff a duty to supervise Richard Humphrey; investigate Richard

Humphrey's inappropriate conduct; protect minor students, including Plaintiff C.D.; remove

and/or suspend Richard Humphrey; and/or train Richard Humphrey and/or

Defendant CTC employees on how to comply with mandatory reporting obligations and/or how

to maintain/protect/preserve minor students to prevent sexual abuse and/or harassment

from occurring.

165.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District

owed Plaintiff a duty to act and investigate the inappropriate conduct, sexual abuse and/or

harassment by Richard Humphrey of minor students, who were not capable of

welcoming and/or consenting to inappropriate conduct and contact by Richard Humphrey, which

was made possible by grooming and manipulating minor students, including Plaintiff C.D.,

through intimate contact/conduct with him.

166.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District

owed Plaintiff a duty to perform an appropriate Title IX investigation related to the sexual

misconduct, sexual abuse and/or sexual harassment by Richard Humphrey.

167.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District

owed Plaintiff a duty to prepare an appropriate Title IX report related to the sexual misconduct,

sexual abuse and/or sexual harassment by Richard Humphrey.

168.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District

owed Plaintiff a duty to act upon Richard Humphrey's known inappropriate conduct

and contact with minor students, thus making possible and/or allowing by the support and/or

ratification and/or inaction of Defendant CTC and/or Defendant Scranton School District as

detailed in the foregoing paragraphs, the abuse of minor students, including Plaintiff C.D.

169.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District

owed Plaintiff a duty to provide necessary care, treatment and support of the minor students as

the sexual abuse and/or harassment was ongoing.

170.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District

owed Plaintiff a duty to provide necessary care, treatment and support of the minor students at

the conclusion of the sexual abuse and/or harassment when Richard Humphrey

was removed from his position and arrested.

171.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District

owed Plaintiff a duty to provide, offer, recommend or coordinate adequate health, psychological,

counseling and academic assistance and services to Plaintiff C.D. after he was sexually abused

and/or harassed by Richard Humphrey.

172.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District

owed Plaintiff a duty  to terminate or otherwise discipline employees and agents identified herein

for their willful disregard of the safety and rights of Plaintiff C.D. and other minor students.

173.    At all times relevant hereto, Defendant CTC and Defendant Scranton School District

owed Plaintiff a duty to not retaliate against the minor students, including Plaintiff C.D.,

rather than providing the necessary care, treatment and support of the minor students.

174.    The sexual misconduct, sexual abuse and/or sexual harassment against Plaintiff C.D.,

who was a minor and a student in Defendant CTC and Defendant Scranton School District's

care, custody and control, was the direct and proximate result of the negligence, recklessness

and deliberate indifference of Defendants. Such negligence, recklessness and deliberate

indifference is fully outlined in Paragraphs 61 and 62 of this Complaint.

175.    Aforementioned acts have left Plaintiff with serious and potentially irreparable

physical and mental injuries.

176.    Aforementioned acts have left Plaintiff with a worsened psychological state.

177.    Plaintiff has suffered significant pain, distress, suffering, and continue to suffer

physical and psychological pain from the sexual abuse and/or sexual harassment as a direct and

proximate result of the actions and/or inactions of Defendants CTC and Scranton School District

CTC and Scranton School District, its employees and/or its other workers.

178.    As a result of the aforesaid incident and injuries sustained, Plaintiff and his parents have incurred and will incur additional costs and expenses.

179.    As a result of the aforesaid incident and injuries sustained, Plaintiff has and/or will be forced to undergo psychological and medical treatment.

180.    As a result of the aforesaid incident and injuries sustained, Plaintiff and his parents have and/or will have to expend various an substantial sums of money for medicine and medical attention to their great financial loss and damage.

181.    The actions of all Defendants, individually and by way of their agents, servants, workmen, employees and or ostensible agents, as set forth in the proceeding paragraphs of this Complaint and incorporated herein by reference, were performed with: a reckless indifference toward the rights of Plaintiff, a conscious indifference to the consequences of their actions, and a reckless disregard for the welfare of the Plaintiff and for the safety of the Plaintiff.

182.    The aforesaid acts, which are incorporated herein by reference, constituted reckless conduct and resulted in an unreasonable risk of bodily harm to Plaintiff. As a result, Plaintiff is entitled to punitive damages from Defendants CTC and Scranton School District.

183.    As a result of the aforesaid acts of negligence, Plaintiff suffered and Defendants CTC and Scranton School District are liable for, but not limited to, the following damages:

    a.  Plaintiff's pain and suffering between the time of the initial injury until the point in the future which Plaintiffs are no longer suffering;

    b.  The effect this damage has on Plaintiff's estimated future earning powers;

    c.  Plaintiff's other financial losses suffered as a result of this abuse;

    d.  Plaintiff's loss of the enjoyment of life;

    e.  Punitive Damages.

184.  Plaintiff claims damage for reimbursement including all past, current and/or future wage loss, hospital, medical, and psychological expenses incurred in connection therewith.

WHEREFORE, Plaintiff C.D., demands judgment, in an amount in excess of $50,000.00, against the Defendants CTC and Scranton School District for compensatory and punitive damages, together with court costs, attorneys' fees, interest, and all other relief permitted by the Court.

## COUNT VIII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### Plaintiff v. Defendants CTC and Scranton School District

185.  Plaintiff incorporates the previous paragraphs of this Complaint by reference as if fully set forth at length herein.

186.  The negligence, recklessness and deliberate indifference of the Defendants is fully outlined in Paragraphs 61 and 62 of this Complaint.

187.  Plaintiff has suffered severe emotional distress as a result of Defendants' conduct.

188.  Plaintiff's emotional distress has manifested itself in some and/or all of the following ways:

    a.  Depression;

    b.  Stress; and

    c.  Anxiety.

189.  Plaintiff has/will have to treat with psychologists to remedy their current conditions.

190.  Plaintiff and his family are burdened by the cost and amount of treatment to quell his state of emotional distress.

**WHEREFORE,** Plaintiff C.D., demands judgment, in an amount in excess of $50,000.00, against the Defendants for compensatory and punitive damages, together with court costs, attorneys' fees, interest, and all other relief permitted by the Court.

Respectfully submitted,
**PISANCHYN LAW FIRM**

By: _____
Michael J. Pisanchyn Jr, Esquire
I.D.# 87542
524 Spruce Street
Scranton PA 18503
Attorneys for Plaintiff


By: _____
Thomas J. Carroll Jr, Esquire
I.D.# 207130
524 Spruce Street
Scranton PA 18503
Attorneys for Plaintiff

Date: 1/10/2020

THE PISANCHYN LAW FIRM
Thomas J. Carroll Jr, Esquire
I.D.# 207130
524 Spruce Street
Scranton, PA 18503
(570) 344-1234

*Attorneys for Plaintiff*

| | |
|---|---|
| John Joe Doe C.D. | COURT OF COMMON PLEAS OF |
| Plaintiff, | LACKAWANNA COUNTY |
| v. | No.: **19-cv-3029** |
| Career Technology Center | CIVIL ACTION |
| Of Lackawanna County and | |
| Scranton School District | **JURY TRIAL DEMANDED.** |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Thomas J. Carroll Jr, Esquire, certify that on the date indicated below, I served a true and correct copy of Plaintiff's Complaint upon the following counsel of record, by electronic mail and fax, addressed as follows:

Richard Polachek, Esquire
22 East Union Street
Suite 600
Wilkes Barre PA 18701
rpolachek@forryullman.com

Austin J. Soldano, Esquire
331 East Butler Avenue
New Britain, PA 18901

Respectfully submitted,
**PISANCHYN LAW FIRM**

By: _____
Thomas J. Carroll Jr, Esquire
I.D.# 207130
524 Spruce Street
Scranton PA 18503
Attorneys for Plaintiff

Date: 1-10-20

## ATTORNEY VERIFICATION

Thomas J. Carroll Jr, Esquire verifies that he is the attorney for the Plaintiff in this litigation and that he is authorized to verify the facts set forth in the attached Civil Action Complaint.   Thomas J. Carroll Jr, Esquire, further verifies that the Plaintiff is outside of jurisdiction of this court. Thomas J. Carroll Jr, Esquire, further verifies that the statements of fact made in the foregoing Complaint are true and correct to the best of his information and belief and that the source of his information is his review of the file and from his investigation of the allegations contained herein and the law of this Commonwealth.

Thomas J. Carroll Jr, Esquire, understands that false statements herein are subject to the penalties provided by law in 18 P.S. § 4904 relating to unsworn falsification to authorities.

_____

Thomas J. Carroll Jr, Esquire